JOSEPH L. PEACOCK vs. HUGH LINTON.

PROVIDENCE—JANUARY 4, 1901.

PRESENT: Stiness, C. J., Dubois and Blodgett, JJ.

(1) *Parent and Child. Necessaries. Private Tuition. Quasi-contracts.*

Plaintiff sued to recover for services as tutor of defendant's minor son during the summer vacation. The services were performed at the writ-

ten request of the minor's teacher and after the plaintiff had made
arrangements with the minor.   The defendant had no knowledge of the
proceedings until after the services were performed.   The minor was
supported by and lived with the defendant.   Upon the above facts a
motion for a nonsuit was granted.   Upon petition for new trial:—

*Held*, that the motion was properly granted.

ASSUMPSIT to recover for services rendered as tutor of
defendant's minor son under a quasi-contract as for neces-
saries furnished.   The facts are fully stated in the opinion.
Heard on defendant's petition for a new trial, and new trial
denied.

DUBOIS, J.   The plaintiff sues to recover twenty-five dollars
for services as tutor of defendant's minor son in 1898, during
the summer vacation of the school of Charles A. Cole, in
which the minor was a pupil.

The services were performed by the plaintiff at the written
request of said Cole and after making arrangements with
the minor.   No contract was entered into by the plaintiff
and defendant.   The plaintiff did not see the defendant or
inform him by letter or otherwise, respecting the services
rendered, at any time prior to the completion thereof.

The parties were both living in and doing business in Paw-
tucket, and the minor lived with and was supported and edu-
cated at the expense of his father, the defendant.

The plaintiff contends that education is one of the neces-
saries, that his services were also necessary, and that a minor
is presumed to be the agent of his father in procuring neces-
saries suitable to his condition.

(1)   There can be no question, at this time and place, of the
necessity of education.   Our statutes make it compulsory
within well-defined limits.   A common-school education is
undoubtedly necessary, and, under favorable circumstances, a
collegiate education may also be.   Whether tutoring in vaca-
tion can be said to be one of the necessaries is more doubtful.
Continuous application without rest or recreation is not gen-
erally recommended.   It is not necessary to determine that
question in this case.

In Parsons on Contracts, 8 ed. vol. 1, p. 305, the law is

stated to be as follows : " When an infant lives with the father or under his control, his judgment as to what are necessaries will be so far respected that he will be liable only for those things furnished to the infant to relieve him from absolute want."

However this may be, in the present case it is clear that before tutoring the minor the plaintiff should have ascertained whether the defendant was willing to employ him for that purpose. The intimate relation of tutor and pupil should not have been established without allowing the father to exercise his choice and judgment in the matter.

Under the circumstances, the motion for a nonsuit was properly granted, and the petition for new trial is denied.

*James A. Williams*, for plaintiff.

*John A. Tillinghast*, for defendant.